**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELEANOR MANNING,** | ) | **CASE NO. 4:06 CV 2598** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **HUMILITY OF MARY** | ) | |
| **HEALTH PARTNERS** | ) | |
| | ) | **ORDER** |
| **Defendant.** | ) | |

This matter is before the Court upon Plaintiff's Motion to Remand. (Dkt. #3).

**I.**

On May 9, 2006, the Plaintiff filed a Complaint in the Court of Common Pleas of Trumbull County, Ohio against the Defendant alleging workers compensation retaliation, age discrimination, disability discrimination, and wrongful termination in violation of public policy in Ohio. The Complaint specifically requested, *inter alia*, "Compensatory damages in an amount in excess of Twenty Five Thousand ($25,000) Dollars for loss of wages and benefits, emotional distress, humiliation, and a sense of outrage" and punitive damages. (Dkt. #1, Ex. A).

On May 30, 2006, Plaintiff's counsel advised Defendant's counsel that the amount in controversy did not exceed $75,000, inclusive of attorney's fees and punitive damages. (Dkt. #1). Defendant's counsel followed up this discussion on June 6, 2006, with a correspondence sent via U.S. mail and facsimile, asking Plaintiff's counsel to affirm that the amount in controversy does not exceed $75,000. (Dkt. #1, Exhibit A). Plaintiff's counsel did not respond, and Defendant's counsel subsequently served Plaintiff a Request for Admission on July 25, 2006, asking Plaintiff to admit she was not seeking damages in excess of $75,000. Plaintiff responded by denying the Request for Admission on September 29, 2006. (Dkt. #1, Exhibit E). In light of the discussion with Plaintiff's counsel and Plaintiff's denial of the Request for Admission, Defendants timely removed the case to this court. (Dkt. #1).[1]

One week later, Plaintiff filed a Motion to Remand, stating that she will not seek an amount excess of $75,000. (Dkt. #3). Defendant filed a Response on November 6, 2006, consenting to Plaintiff's Motion to Remand. (Dkt. #4). However, Defendant asserts it should be awarded attorney's fees under to FED. R CIV. P. 37(c)(2) and FED. R CIV. P. 26(e)(2). (Dkt. #4).

---

[1] Federal courts possess original diversity jurisdiction over suits between citizens of different states "when the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). As the party invoking federal jurisdiction, the defendant seeking removal bears the burden of proving the requirements of diversity jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir.2000), *cert. denied*, 121 S.Ct. 1428 (2001). It is undisputed that the instant parties meet the citizenship requirement of section 1332(a). Accordingly, this Court properly may exercise removal jurisdiction if the Defendants are able to establish that the case satisfies the statutory amount in controversy requirement.

Accordingly, Plaintiff's Motion to Remand is **GRANTED.**  (Dkt. #3).  The mater is hereby remanded to Court of Common Pleas of Trumbull County, Ohio.  Defendant's motion for attorney's fees is hereby referred to United States Magistrate Judge James S. Gallas. (Dkt. #4).   Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a) and LR 72.1, Magistrate Judge Gallas shall hear and resolve said dispute.


**IT IS SO ORDERED.**

/s / *Peter C. Economus* — **11/13/06**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**